## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAVID J. FREEDOM, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   1:15-CV-10135 |
| CITIFINANCIAL, LLC; JPMORGAN CHASE BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, DAVID J. FREEDOM ("Plaintiff") by and through his attorneys, SULAIMAN LAW GROUP, Ltd., complaining of the Defendants, CITIFINANCIAL, LLC. ("Citi"), JPMORGAN CHASE BANK, N.A. ("Chase"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and Defendants' conduct harmed Plaintiff in this District.

1

## PARTIES

4.  Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, owned the property located at 1914 W. 169th Street, Hazel Crest, Illinois 60429 ("subject property").

5.  Defendant Citi is a Delaware corporation with its principal place of business in Baltimore, Maryland. Citi is a foreign company and a creditor, lender, debt collector, and servicer of mortgage loans across the country, qualified to do business in the State of Illinois. Citi is a furnisher of information to the major credit reporting agencies, including Equifax and Experian ("CRAs").

6.  Defendant Chase is a National Banking Association organized under the laws of the United States with its principal place of business at 270 Park Avenue, New York, New York. Chase is a foreign company, a creditor, lender, debt collector, furnisher of credit information, and servicer of mortgage loans across the country, including the State of Illinois. Chase is a furnisher of information to the major credit reporting agencies, including Equifax and Experian.

7.  Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is in the business of compiling and maintaining consumer files for the purpose of furnishing credit information about consumers to third parties on a nationwide basis, including in the State of Illinois.

8.  Defendant Experian is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Illinois. Experian is in the business of compiling and maintaining files on consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**BANKRUPTCY CASE**

9.  On August 1, 2009, Plaintiff refinanced a prior loan via a mortgage and note in the amount of $50,315.00 ("subject debt #1" or "subject loan #1") in favor of Citi, secured by the subject property.

10. On June 1, 2006, Plaintiff executed a second mortgage and note in the amount of $42,242.00 ("subject debt #2" or "subject loan #2")(collectively "subject debts" or "subject loans") in favor of Chase, secured by the subject property.

11. On April 6, 2014, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-12741 ("bankruptcy").

12. Schedule D of the bankruptcy petition listed subject loan #1, a secured pre-petition debt to Citi, in the amount of $50,315.00, secured by the subject property. *See* Exhibit A, a true and correct copy of Schedules D through F filed in Plaintiff's bankruptcy case.

13. Schedule D of the bankruptcy petition listed subject loan #2, a secured pre-petition debt to Chase, in the amount of $42,242.00, secured by the subject property. *See* Exhibit A.

14. Schedule F of the bankruptcy petition listed Equifax and Experian for notice purposes. *See* Exhibit A.

15. On April 7, 2014, because Plaintiff listed Citi and Chase as creditors, the Bankruptcy Noticing Center ("BNC") served the Defendants with notice of Plaintiff's bankruptcy filing and Plaintiff's Original Plan. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing and Original Plan upon Defendants.

16. Plaintiff's Original Plan proposed to treat Citi and Chase's claim as follows:

> "Debtor is surrendering the real property located at 1914 W. 169th Street, Hazel Crest, Illinois to CitiMortgage, Inc and JPMorgan Chase in full satisfaction of their claims. Pursuant to 11 U.S.C. 1322(b)(9), legal title to the aforementioned property shall vest in CitiMortgage, Inc. upon confirmation of the Debtor's Plan." *Id*. at p. 5.

17. On May 29, 2014, the 341 Meeting of Creditors was held with the Chapter 13 Trustee. No representative or attorney from Citi appeared at the 341 Meeting of Creditors.

18. On July 18, 2014, the Plaintiff filed a modified Chapter 13 Plan ("Modified Plan"). *See* Exhibit C, a true and correct copy of the Plaintiff's Modified Plan and BNC Certificate of Notice establishing service of the Modified Plan on Defendants.

19. Plaintiff's Modified Plan proposed to treat Citi and Chase's claim as follows:

> "Debtor is surrendering the real property located at 1914 W. 169th Street, Hazel Crest, Illinois to CitiMortgage, Inc and JPMorgan Chase in full satisfaction of their claims. Pursuant to 11 U.S.C. 1322(b)(9), legal title to the aforementioned property shall vest in CitiMortgage, Inc. upon confirmation of the Debtor's Plan." *Id*. at p. 5.

20. On July 31, 2014, Plaintiff's Chapter 13 Plan was confirmed by the Honorable Janet S. Baer. *See* Exhibit D, a true and correct copy of the Confirmation Order.

21. Plaintiff's Confirmation Order stated:

> "All property of the estate, as specified by the 11 U.S.C. Section 541 and 1306, will continue to be property of the estate following confirmation, *unless* (1) the plan provides for surrender of the property, or (2) the property is sold pursuant to the plan or court order. (emphasis added)."

22. Plaintiff fully performed his duties as set forth in his confirmed Chapter 13 Plan.

23. On August 25, 2014, Chase, through its counsel, Heavner, Beyers & Mihlar, LLC filed an Entry of Appearance and Request for All Notices in Plaintiff's bankruptcy case. *See* Exhibit E, a true and correct copy of Chase's Entry of Appearance and Request for All Notices filed in Plaintiff's bankruptcy.

4

24. On November 12, 2014, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject loans. *See* Exhibit F, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon Defendants.

25. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

26. On November 14, 2014, the BNC served Defendants with the Order of Discharge. *Id.* at p. 3.

27. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject loans by Citi, Chase, or any other party.

28. Plaintiff's personal liability on the subject loans was extinguished via his bankruptcy discharge, thus terminating the business relationship with Citi and Chase, and any of their successors and assigns.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE TO EQUIFAX

29. In early September 2014, after Plaintiff's Chapter 13 plan was confirmed and title to the subject property transferred to Citi, Plaintiff pulled his Equifax credit report.

30. Plaintiff's Equifax report revealed that Citi and Chase were reporting the subject loans as in default and with high balances. The reporting was inaccurate because the subject loans were no longer vested in the Plaintiff. It should have been reported with a zero balance, and without a negative payment history or other derogatory status.

5

### a. Plaintiff's First Dispute Letter to Equifax

31. On September 26, 2014, Plaintiff sent a written credit dispute letter ("first dispute letter") to Equifax, Experian, and TransUnion requesting that his credit file be updated to reflect the zero balances of all accounts discharged in his Chapter 13 bankruptcy. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit G, a true and correct copy of Plaintiff's September 26, 2014 dispute letter to Equifax.

32. Among other things, Plaintiff's dispute letter stated the following:

   a. "I am enclosing a copy of the Original Chapter 13 Plan dated April 6, 2014, and the Order Confirming my Chapter 13 Bankruptcy Case entered on July 31, 2014;"
   b. "Please update the subject credit file(s) to reflect the correct information with regards to trade lines included in bankruptcy versus payments being made outside of the plan;"
   c. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice;"
   d. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and
   e. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id*

33. Plaintiff sent his dispute letter to Equifax via certified mail, return-receipt requested.

34. Upon information and belief, Chase and Citi received notice of Plaintiff's first dispute letter and enclosures from Equifax within five days of Equifax receiving Plaintiff's first dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### b. Equifax's Response to Plaintiff's First Dispute Letter[1]

35. On October 24, 2014, Equifax responded to Plaintiff's first dispute letter by correcting some of the accounts included in his Bankruptcy, but not the Citi and Chase accounts. Equifax's response stated that the Citi and Chase accounts were updated to show included in bankruptcy and that additional information had been provided from the original sources [Citi and Chase] regarding these items. *See* Exhibit H, a true and correct copy of Equifax's October 24, 2014 response and credit report submitted by Equifax to Plaintiff.

36. Despite Equifax and Citi's representation that Plaintiff's credit report had been updated to reflect his bankruptcy, the trade line for the Citi account (subject debt #1--Account # -112086*) was still reporting a "Balance Amount" of $50,315.00, an "Amount Past Due" of $3,846.00, and a "Scheduled Payment Amount" of $641.00. *Id.* at p. 4.

37. Despite Equifax and Chase's representation that Plaintiff's credit report had been updated to reflect his bankruptcy, the trade line for the Chase account (subject debt #2--Account # -41451170*) was still reporting a "Balance Amount" of $42,214.00, and a "Scheduled Payment Amount" of $143.00. *Id.* at p. 2.

38. The reporting of the Citi and Chase trade lines is inaccurate as Plaintiff is no longer liable on the subject loans. Reporting a "Balance Amount," an "Amount Past Due," and a "Scheduled Payment Amount" falsely implies that Plaintiff is delinquent and is still liable on the subject loans.

---

[1] On October 28, 2014, Trans Union responded to Plaintiff's dispute letter by updating the Citi mortgage trade line to show a $0 Balance as it was required to do under the FCRA. Trans Union also deleted Plaintiff's Chase mortgage trade line. Upon information and belief, Trans Union deleted the Chase trade line and updated the Citi trade line because its investigation revealed that the information provided by Chase and Citi was inaccurate.

39. The reporting of the Citi and Chase trade lines were also misleading because they failed to reflect Plaintiff's surrender of the subject property, which was made through his bankruptcy filing and confirmed plan that transferred title of the subject property to Citi.

### c. Plaintiff's Second Dispute Letter to Equifax

40. On November 19, 2014, after Plaintiff's discharge, Plaintiff sent another written credit dispute letter to Equifax ("second dispute letter"), requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his Chapter 13 bankruptcy, including the Citi and Chase subject loans. Plaintiff also specifically disputed the Citi trade line [**Account #112086-**Subject debt #1]. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit I, a true and correct copy of Plaintiff's November 19, 2014 second dispute letter to Equifax.

41. Among other things, Plaintiff's second dispute letter stated the following:

   a. "I am enclosing a copy of the Order Discharging Debtor entered on November 12, 2014;"
   b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
   c. "To the extent that *any* of the discharged debts are reporting anything other than "0" balance, please consider this letter as a Dispute under the Fair Credit Reporting Act (emphasis added);"
   d. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E, and F;"
   e. "**Specifically, I am requesting an investigation into the following account:** Citi Mortgage, acc# 112086;"
   f. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and
   g. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id.*

42. Plaintiff sent his second dispute letter to Equifax via certified mail, return-receipt requested.

43. Upon information and belief, Citi and Chase received notice of Plaintiff's second credit dispute letter and enclosures from Equifax within five days of Equifax receiving Plaintiff's second dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### d. Equifax's Response to Plaintiff's Second Dispute Letter

44. Equifax responded to Plaintiff's second dispute letter by continuing to report the Citi and Chase accounts as derogatory.

45. The reporting of the Citi and Chase trade lines was inaccurate as the Plaintiff was no longer liable on the subject loans. Reporting a "Balance Amount," an "Amount Past Due," and a "Scheduled Payment Amount" falsely implies that Plaintiff is delinquent and is still liable on the subject loans.

### e. Plaintiff's Third Dispute Letter to Equifax

46. On July 10, 2015, Plaintiff sent another written credit dispute letter to Equifax ("third dispute letter"), requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his Chapter 13 bankruptcy, including the Citi and Chase subject loans. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit J, a true and correct copy of Plaintiff's July 10, 2015 third dispute letter to Equifax.

47. Among other things, Plaintiff's third dispute letter stated the following:

    a. "I am enclosing a copy of the Order Discharging Debtor entered on 11/12/2014;"
    b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
    c. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E, and F;"

d.  "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and

e. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id.*

48. Plaintiff sent his third dispute letter to Equifax via certified mail, return-receipt requested.

49. Upon information and belief, Citi and Chase received notice of Plaintiff's third credit dispute letter and enclosures from Equifax within five days of Equifax receiving Plaintiff's third dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### f.  Equifax's Response to Plaintiff's Third Dispute Letter

50. On August 5, 2015, Equifax responded to Plaintiff's third dispute letter stating that it had updated the Citi and Chase trade lines to show included in bankruptcy. *See* Exhibit K, a true and correct copy of the results of Plaintiff's third dispute letter to Equifax.

51. Despite its representation that the Chase trade line was updated, Chase and Equifax were still reporting the subject loan #2 with a "Scheduled Payment Amount" of $143.00 *Id.* at p.2.

52. The reporting of the Chase trade line was still inaccurate because Plaintiff was no longer liable on subject loan #2. Reporting a "Scheduled Payment Amount" inaccurately implies that Plaintiff is obligated to pay the monthly amount.

53. Equifax and Citi corrected and removed the inaccurate Balances and Past Due Amounts in regards to subject loan #1 from Plaintiff's Equifax report.

### CITI AND EQUIFAX'S REINSERTION OF INACCURATE INFORMATION INTO PLAINTIFF'S CREDIT FILE

54. On October 13, 2015, Plaintiff pulled his Equifax credit report to find that Equifax and Citi had reinserted and re-reported the Citi trade line. *See* Exhibit L, a true and correct copy of

the pertinent parts of Plaintiff's October 13, 2015 Equifax report illustrating the reinsertion of the Citi trade line delinquencies.

55. Equifax and Citi reinserted a "Balance Amount" of $50,315.00, a "Past Due" of $11,538.00, a "Scheduled Payment Amount" of $641.00, and an "Account Status" of "120+ Days Past Due" *Id.* at p. 7.

56. Equifax and Cit also removed the fact that the Citi trade line was "included in bankruptcy." *Id.*

57. By initially correcting the inaccurate "Balance," "Past Due," "Scheduled Payment Amount" and updating the trade line to show "included in bankruptcy" on Plaintiff's credit report after Plaintiff's third dispute letter, Equifax and Citi by their own admission acknowledged the inaccuracies of the "Balance," "Past Due," "Scheduled Payment Amount" and "included in bankruptcy" status of the Citi trade line for subject debt #1. *See* Exhibit K.

58. Equifax and Citi have willfully, maliciously and illegally re-reported and reinserted the false and inaccurate Balances and Status into Plaintiff's credit report of subject debt #1.

59. Equifax and Citi knew and, in fact, had actual knowledge that subject debt #1 was included and discharged in Plaintiff's bankruptcy case, and despite such knowledge willfully re-inserted and re-reported their erroneous credit information.

60. As of today, Equifax and Citi have yet to update the Citi account trade line to accurately reflect the discharged status and balances of subject debt #1.

61. As of today, Equifax and Chase have yet to update the Chase account trade line to accurately reflect that the Plaintiff is no longer obligated to pay the monthly amount for subject debt #2. *See* Exhibit L at. p. 6.

CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EXPERIAN

62. In early September 2014, after Plaintiff's Chapter 13 plan was confirmed and title to the subject property transferred to Citi, Plaintiff pulled his Experian credit report.

63. Plaintiff's Experian report revealed that Citi and Chase were reporting the subject loans, in default and with a high balance. The reporting was inaccurate because the subject loans were no longer vested in the Plaintiff and should be reported with a zero balance, without a negative payment history or any other derogatory status.

### a. Plaintiff's First Dispute Letter to Experian

64. On September 26, 2014, Plaintiff sent a written credit dispute letter ("first dispute letter") to Experian requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his Chapter 13 bankruptcy. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit M, a true and correct copy of Plaintiff's September 26, 2014 dispute letter to Experian.

65. Among other things, Plaintiff's dispute letter stated the following:

   a. "I am enclosing a copy of the Original Chapter 13 Plan dated April 6, 2014, and the Order Confirming my Chapter 13 Bankruptcy Case entered on July 31, 2014;"
   b. "Please update the subject credit file(s) to reflect the correct information with regards to trade lines included in bankruptcy versus payments being made outside of the plan;"
   c. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice;"
   d. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and
   e. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id*

66. Plaintiff sent his dispute letter to Experian via certified mail, return-receipt requested.

12

67. Upon information and belief, Chase and Citi received notice of Plaintiff's first dispute letter and enclosures from Experian within five days of Experian receiving Plaintiff's first dispute letter. *See* 15 U.S. Code §1681i(a)(2).

**b. Experian's Response to Plaintiff's First Dispute Letter**

68. On October 14, 2014, Experian responded to Plaintiff's first dispute letter by correcting some of the accounts included in his Bankruptcy, but not the Citi and Chase accounts. Experian's response stated that the Citi and Chase accounts were updated and a change was made to the credit items. *See* Exhibit N, a true and correct copy of the pertinent parts of Equifax's October 14, 2014 response and credit report submitted by Experian to Plaintiff.

69. Despite Experian and Citi's representation that Plaintiff's credit report had been updated, the trade line for the Citi account (subject debt #1--Account # -112086*) was still reporting a "Recent Balance" of $50,315.00, and a "Monthly Payment" of $641.00. *Id.* at p. 7.

70. Despite Experian and Chase's representation that Plaintiff's credit report had been updated, the trade line for the Chase account (subject debt #2--Account # -41451170*) was still reporting a "Recent Balance" of $42,214.00, and a "Monthly Payment" of $143.00. *Id.* at p. 6.

71. The reporting of the Citi and Chase trade lines is inaccurate as Plaintiff is no longer obligated to pay on the subject loans. Reporting a "Recent Balance," "Monthly Payment" falsely implies that Plaintiff is delinquent and is still liable on the subject loans.

72. The reporting of the Citi and Chase trade lines was also misleading because they failed to reflect Plaintiff's timely payments made through his bankruptcy filing and confirmed plan that transferred title of the subject property to Citi.

### c. Plaintiff's Second Dispute Letter to Experian

73. On November 19, 2014, after Plaintiff's discharge, Plaintiff sent another written credit dispute letter to Experian ("second dispute letter"), requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his Chapter 13 bankruptcy, including the Citi and Chase subject loans. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit O, a true and correct copy of Plaintiff's November 19, 2014 second dispute letter to Equifax.

74. Among other things, Plaintiff's second dispute letter stated the following:

   a. "I am enclosing a copy of the Order Discharging Debtor entered on November 12, 2014;"
   b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
   c. "To the extent that *any* of the discharged debts are reporting anything other than "0" balance, please consider this letter as a Dispute under the Fair Credit Reporting Act (emphasis added);"
   d. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E, and F;"
   e. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and
   f. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id.*

75. Plaintiff sent his second dispute letter to Equifax via certified mail, return-receipt requested.

76. Upon information and belief, Citi and Chase received notice of Plaintiff's second credit dispute letter and enclosures from Experian within five days of Experian receiving Plaintiff's second dispute letter. *See* 15 U.S. Code §1681i(a)(2).

14

### d. Experian's Response to Plaintiff's Second Dispute Letter

77. Experian responded to Plaintiff's second dispute letter by continuing to report the Citi and Chase accounts as derogatory.

78. The reporting of the Citi and Chase trade lines is inaccurate as the Plaintiff is no longer liable on the subject loans. Reporting a "Recent Balance," and a "Monthly Payment" falsely implies that Plaintiff is delinquent and is still liable on the subject loans.

### e. Plaintiff's Third Dispute Letter to Experian

79. On July 10, 2015, Plaintiff sent another written credit dispute letter to Experian ("third dispute letter"), requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his Chapter 13 bankruptcy. Plaintiff also specifically disputed the Citi trade line [Account #112086*]. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit P, a true and correct copy of Plaintiff's July 10, 2014 third dispute letter to Experian.

80. Among other things, Plaintiff's third dispute letter stated the following:

   a. "I am enclosing a copy of the Order Discharging Debtor entered on 11/12/2014;"
   b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
   c. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E, and F;"
   d. "Specifically, I am requesting an investigation into the following accounts: **CitiMortage, account # 112086xxxx** (The account status is incorrect);"
   e. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and
   f. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id.*

15

81. Plaintiff sent his third dispute letter to Experian via certified mail, return-receipt requested.

82. Upon information and belief, Citi received notice of Plaintiff's third credit dispute letter and enclosures from Experian within five days of Experian receiving Plaintiff's third dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### f. Experian's Response to Plaintiff's Third Dispute Letter

83. On July 22, 2015, Experian responded to Plaintiff's third dispute letter stating that it had updated the Citi trade line. *See* Exhibit Q, a true and correct copy of the pertinent parts of the results of Plaintiff's third dispute letter to Experian.

84. Despite Experian and Citi's representation that Plaintiff's credit report had been updated, the trade line for the Citi account (subject debt #1--Account # -112086*) was still reporting a derogatory "Account History" with an "Account Balance" of $50,315.00, and a "Scheduled Payment Amount" of $641.00 from date of Plaintiff's bankruptcy filing in April 2014 through August 2014. *Id.* at p. 7.

85. Moreover, Experian and Citi were still reporting a derogatory "Account History" with an "Account Balance" of $50,315.00, and a "Scheduled Payment Amount" of $641.00 from January 2015 through May 2015, after Plaintiff was discharged. *Id.*

86. The reporting of the Citi trade line was still inaccurate because Plaintiff was no longer liable on subject loan #1. Reporting a "Account Balance," and a "Scheduled Payment Amount" inaccurately implies that Plaintiff is due and that he is obligated to pay the monthly amount.

## IMPACT OF CONTINUING
## INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILES

87. As of today, the erroneous reporting of the Citi and Chase accounts continues to paint a false and damaging picture of Plaintiff. Experian and Equifax have yet to update the Citi amd Chase accounts to accurately reflect the zero balances and discharged status of the subject loans.

88. The entire experience has engendered within Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff hopeless as to his ability to regain his good name and the credit rating that he deserves and has worked hard to earn by completing his Chapter 13 Plan.

89. The inaccurate reporting of subject loans continues to have significant adverse effects on Plaintiff's credit rating and his ability to obtain financing because it creates a false impression that the Citi and Chase accounts are owed, rendering Plaintiff a high risk consumer and damaged his creditworthiness.

90. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his dispute, monitoring his credit file, and mental and emotional pain and suffering.

91. Ultimately, Plaintiff has desired to take advantage of credit opportunities, most notably, numerous lines of credit, but has been denied because of the Defendants failure to report only accurate information about the Plaintiff. The credit decision was based in whole or in part on information obtained in reports from Equifax and Experian.

92. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the Citi and Chase trade lines.

### CHASE'S UNLAWFUL ACCESS OF PLAINTIFF'S CREDIT REPORTS UNDER FALSE PRETENSES AND/OR FOR AN IMPERMISSIBLE PURPOSE

#### a. Impermissible Credit Inquiry By Chase on Plaintiff's Credit Report

93. On July 22, 2015, after Plaintiff sent his third dispute letter to Experian, Experian responded to Plaintiff's dispute letter by providing Plaintiff with the results of his dispute. Plaintiff found that his Experian credit report was showing a unauthorized inquiry from Chase after Plaintiff's bankruptcy discharge.

94. After Plaintiff's discharge on November 12, 2014, Experian furnished Plaintiff's credit report to Chase Mortgage on December 26, 2015 for use in the collection of subject debt #2.[2]

95. On December 26, 2015, Chase requested and received copies of all, or portions of, Plaintiff's personal credit information maintained by Experian. *See* Exhibit R, a true and correct copy of the relevant portion of Plaintiff's July 22, 2015 Experian report showing the impermissible pull.

96. Chase intentionally misrepresented to Experian that Plaintiff was attempting to obtain credit with it, had a current credit relationship, or had a current business relationship with the Plaintiff. Chase's misrepresentation and false certification resulted in Experian releasing highly confidential and sensitive personal information concerning Plaintiff to Chase.

97. Plaintiff had no account or business transactions with Chase regarding the subject property at the time this request was made. Plaintiff's previous indebtedness to Chase had been

---

[2] Plaintiff was no longer in possession of the subject property on or around June 2012. Pursuant to 11 U.S.C. 1322(b)(9), legal title to the subject property vested in CitiMortgage, Inc. upon confirmation of the Debtor's Plan on July 31, 2014. *See* Exhibit D. Thus, subject loan #2 was no longer collectible and ended any relationship with Chase.

extinguished via his bankruptcy confirmation and subsequent discharge. There were no other business transactions between the parties.[3]

98. Chase accessed Plaintiff's credit report without his consent or knowledge.

99. Plaintiff had no open accounts to be "reviewed" by Chase, after transferring legal title to Citi upon confirmation on July 31, 2014 and receiving his bankruptcy discharge on May 14, 2014. Chase had actual knowledge of Plaintiff's confirmation and discharge. *See* Exhibit E and F.

100.  It is Chase's standard business pattern and practice to illegally access consumer reports under false pretenses and for an impermissible purpose. Despite numerous disputes complaining about illegal access to consumer credit reports, Chase intentionally and knowingly failed to correct their policy of accessing these reports under false pretenses.

101. The actions taken by Chase were done with malice. They were done wantonly, recklessly, and willfully, and were done with either the desire to harm Plaintiff or with the knowledge that its actions would very likely harm Plaintiff.

102.  Chase knew and continues to have knowledge that a discharge order means that a debt is no longer collectible. Chase has willfully and maliciously acted contrary to that when it decided to invade Plaintiff's privacy, violating federal law.

103.  Chase has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer credit reports.

104. Chase both negligently and willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's credit report without a permissible purpose.

---

[3] Upon Information and belief, Chase did not obtain Plaintiff's credit report for purposes of reviewing Plaintiff's account and evaluating Plaintiff's eligibility for any loan modification programs because legal title was no longer vested in Plaintiff.

105. Chase had no legitimate business need for Plaintiff's credit report at the time that it requested a copy of Plaintiff's credit report from Experian. Any debtor-creditor relationship that Plaintiff had with Chase was terminated upon Plaintiff's confirmation and Plaintiff's bankruptcy discharge.

### IMPACT OF
### IMPERMISSIBLE PULLS OF PLAINTIFF'S CREDIT FILE

106. As a result of Chase's actions, Plaintiff suffered substantial actual damages, including but not limited to, the loss of his right to keep his private financial information confidential, the loss of his rights to information about who was viewing his private financial information and how his private financial information was affecting actions taken on his applications of credit, the loss of credit itself, the loss of time, harm to his credit rating, and other emotional and mental anguish.

107. Due to the conduct of Chase, Plaintiff was forced to retain counsel and his damages include reasonable attorney's fees and costs incurred in prosecuting this claim.

108. Due to Chase's conduct, Plaintiff is entitled to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Chase.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CITI)

109. Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

110. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

111. Citi is a "person" as defined by 15 U.S.C. §1681a(b).

112. Citi is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

20

113. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

114. Citi violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving numerous requests for an investigation from Equifax, Experian and Plaintiff.

115. Citi violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian and Plaintiff.

116. Had Citi reviewed the information provided by Equifax, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject loan #1, transmitting the correct information to Equifax and Experian. Instead, Citi wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

117. Citi violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's file. Instead, Citi reinserted the inaccurate information into Plaintiff's credit report after Plaintiff's disputes. *See* Exhibit L.

118. Citi violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes with Equifax and Experian.

119. Citi violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax and Experian after being put on notice and discovering inaccurate reporting with respect to the subject loan #1.

120. Citi failed to conduct a reasonable reinvestigation of its reporting of the subject loan #1, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax and Experian under 15 U.S.C. §1681i(a)(1).

21

121. Citi violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

122. Despite the blatantly obvious errors on Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Citi did not correct the errors or trade line to report accurately. Instead, Citi wrongfully reinserted, furnished and re-furnished false and erroneous information that the subject loan #1 was delinquent by willfully re-reporting the inaccurate trade line after Plaintiff's dispute.

123. A reasonable investigation by Citi would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit files.

124. Moreover, Citi's trade line was corrected by TransUnion. Citi should have also notified Equifax and Experian of the discrepancies with regard to its trade line.

125. Had Citi taken steps to investigate Plaintiff's valid disputes or Equifax and Experian's requests for investigation, it would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information in his request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

126. By deviating from the standards established by the mortgage servicing industry and the FCRA, Citi acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and Experian.

WHEREFORE, Plaintiff DAVID J. FREEDOM requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST CHASE)

127. Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

128. Plaintiff is a consumer as defined by 15 U.S.C. §§1681a(c) and (b).

129. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

130. Chase is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

131. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

132. Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving multiple requests for an investigation and reinvestigation from Equifax, Experian and Plaintiff.

133. Chase violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian and Plaintiff.

23

134. Had Chase reviewed the information provided by Plaintiff, Equifax, and Experian it would have corrected the inaccurate designation of the subject loan to Equifax and Experian; instead Chase wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

135. Chase violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's consumer reports.

136. Chase violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes with Equifax and Experian.

137. Chase violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax and Experian after being put on notice and discovering inaccurate reporting with respect to the subject loan.

138. Chase violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax, Experian and Plaintiff.

139. Despite the blatantly obvious errors on Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Chase did not correct the errors or trade lines to report accurately and completely. Instead, Chase wrongfully furnished and re-furnished false and erroneous information that the Plaintiff is obligated to pay on the subject loan..

140. A reasonable investigation by Chase would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported on the Plaintiff's credit files.

141. Had Chase taken steps to investigate the Plaintiff's valid disputes or Equifax and Experian's requests for investigation, it would have permanently corrected the erroneous credit

reporting. Plaintiff provided all relevant information in his requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily ascertainable.

142. Moreover, Chase's trade line was corrected by TransUnion. Chase should have also notified Equifax and Experian of the discrepancies with regard to its trade line.

143. By deviating from the standards established by the banking industry and the FCRA, Chase acted with reckless and wanton disregard for its duty as a furnisher to report accurate and complete consumer credit information to both Equifax and Plaintiff directly.

144. As a result of the conduct, actions, and inactions of Chase, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, out of pocket expenses, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials.

WHEREFORE, Plaintiff DAVID J. FREEDOM requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST CHASE FOR VIOLATING §1681(b))

145. Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

146. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

147. Chase is a "person" as defined by 15 U.S.C. §1681a(b).

148. Chase is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

149. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

150. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

151. Chase requested and received copies of Plaintiff's consumer credit report maintained by Experian without the Plaintiff's consent, or for any permissible purpose, after Plaintiff received a discharge in bankruptcy.

152. Plaintiff's Chapter 13 bankruptcy discharge ended any business relationship between Plaintiff and Chase. Chase did not have a legitimate business need for Plaintiff's credit reports under the FCRA.

153. Chase willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without any permissible purpose under the FCRA.

154. In the alternative, Chase negligently violated §1681b(f) by accessing Plaintiff's credit files without a permissible purpose under the FCRA.

155. Chase's violations have deprived the Plaintiff of the right to control his own personal information, which is a major aspect of privacy that is protected by the FCRA.

156. As the result of Chase's actions, Plaintiff suffered substantial actual damages, including but not limited to, the loss of his right to keep his private financial information confidential, the loss of his rights to information about who was viewing his private financial information and how his private financial information was affecting actions taken on his applications of credit, the loss of credit itself, the loss of time, loss of sleep, harm to his credit rating, and other emotional and mental anguish.

WHEREFORE, Plaintiff DAVID J. FREEDOM requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject debt;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT VI - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

157. Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

158. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

159. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

160. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

161. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

162. Plaintiff provided Equifax with all relevant information and documentation in his requests for investigation and reinvestigation to reflect that he obtained a discharge and is no longer liable for the subject loans.

163. Equifax prepared the Plaintiff's consumer reports containing inaccurate information by reporting the subject loans with an amount past due, an owed balance, and a scheduled payment amount, when in fact the Plaintiff was no longer on the title, and that he had received a bankruptcy discharge and owed no past due amounts, no balances, and no scheduled payment amounts on the subject loans.

164. A simple review of the documents submitted by the Plaintiff would have confirmed that the Plaintiffs had filed bankruptcy, Plaintiff's Chapter 13 plan was confirmed and no longer owed a balance, no longer had a scheduled payment amount and was not past due.

165. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished maintained regarding the Plaintiff.

166. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on the Plaintiffs' credit files. Instead, Equifax willfully reinserted subject loan #1 back into Plaintiff's consumer report after initially correcting its inaccurate reporting.

167. Had Equifax taken *any* steps to investigate the Plaintiffs' valid disputes, it would have determined that subject loans were confirmed and subsequently discharged in his bankruptcy.

29

168. Instead, Equifax sent the Plaintiffs multiple correspondences that it had updated its records to reflect the Plaintiffs' bankruptcy discharge, at the same time it continued to willfully report and re-report the inaccurate information.

169. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from the Plaintiff, Citi and Chase with regard to the subject loans.

170. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

171. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi and Chase that the information was complete and accurate, and without sending notice of the re-reporting to the Plaintiff. The lack of notice and correction caused Plaintiff to pull his credit multiple times, only to find that the inaccurate reporting remained. The multiple necessary inquiries had a continued negative impact on the Plaintiff's credit worthiness and credit scores.

172. Since *all* of the Plaintiff's other accounts were reported as "$0 balances owed," "$0 Schedule Payment Amounts," "included in bankruptcy," or "discharged," Equifax should have investigated why the Citi and Chase trade lines still reported as "past due," "due and owing," and "a scheduled payment amount."

173. Moreover, after the Plaintiff's written disputes, Equifax had specific information related to the Plaintiff's bankruptcy case, confirmed Chapter 13 plan and subsequent discharge, which included the subject loans.

174. Equifax knew that the inaccurate designation of the subject loans on Plaintiff's consumer reports under the Citi and Chase trade lines as delinquent, in default, and with a high balance owed during and after his bankruptcy discharge would have a significant adverse affect

30

on his credit worthiness and ability to receive a "fresh start" after completing his Chapter 13 plan.

175. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

176. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

177. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

178. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful and wanton nature of its conduct in maintaining the Plaintiff's consumer reports and reporting Plaintiff's credit information.

179. Equifax acted reprehensively and carelessly by reporting, re-reporting, and reinserting Plaintiff as continually delinquent, in default, and owing a high balance on the Citi account after being discharged in bankruptcy.

180. As a result of the conduct, actions, and inaction of Equifax, the Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with their attorneys, tracking the status of their disputes, monitoring his credit files, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials.

181. Equifax's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff DAVID J. FREEDOM requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion of all adverse credit reporting;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT V - VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

182. Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

183. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

184. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

185. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

186. Plaintiff provided Experian with all relevant information and documentation in his requests for investigation to reflect the his Confirmed Chapter 13 plan and subsequent discharged status of the subject loans

32

187. Experian prepared Plaintiff's credit reports containing inaccurate information by reporting the subject loans with a high balance, and a scheduled payment amount, when in fact his Chapter 13 plan was confirmed and he received a bankruptcy discharge and owed no balance, and was not obligated to make a monthly payment in relation to the subject loans.

188. A simple review of the documents submitted by Plaintiff would have confirmed that Plaintiff's Chapter 13 plan was confirmed and he received a discharge and  no longer owed a balance, and no longer had an obligation to make monthly payments to Citi and Chase.

189. Had Experian taken *any* steps to investigate Plaintiff's valid disputes, it would have determined that the subject loans were confirmed and discharged in his bankruptcy.

190. Instead, Experian sent Plaintiff a correspondence stating that it had updated its records to reflect Plaintiff's bankruptcy discharge, at the same time that it willfully continued to report the inaccurate information.

191. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished regarding the Plaintiff.

192. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the erroneous information on Plaintiff's credit file.

193. Experian violated 15 U.S.C. §1681i(a)(2) by failing to record all relevant information that it received from Citi, Chase and Plaintiff with regard to Plaintiff's consumer report and the subject loans.

194. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff, Citi and Chase with regard to the subject loans.

33

195. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

196. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi or Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff. The lack of notice and correction caused Plaintiff to pull his credit multiple times, only to find that the inaccurate reporting remained. The multiple necessary inquiries had a continued negative impact on Plaintiff's credit worthiness and credit score.

197. Since *all* of Plaintiff's other accounts were reported as "$0 balances owed," "included in bankruptcy," or "discharged," Experian should have investigated why the Citi and Chase trade lines, and only the Citi and Chase trade lines, still reported as "owing," and "a scheduled payment amount."

198. Moreover, after Plaintiff's written disputes, Experian had specific information related to Plaintiff's bankruptcy case and discharge order, which included the subject loans.

199. Experian knew that the inaccurate designation of the subject loans on Plaintiff's consumer reports under the Citi and Chase trade lines as in default, and with a high balance owed after his bankruptcy discharge would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after bankruptcy.

200. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

201. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duties to report accurate and complete consumer credit information.

202. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

203. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information.

204. Experian acted reprehensibly by perpetually reporting the Citi and Chase accounts as delinquent, in default, and owing a high balance.

205. As a result of the conduct, actions, and inaction of Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials.

206. Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff DAVID J. FREEDOM requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion of all adverse credit reporting;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 6, 2015        Respectfully Submitted,

**/s/ Matthew H. Hector**

Matthew H. Hector ARDC#6283058
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
mhector@sulaimanlaw.com